THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL ALMAGUER, | ) | |
| | ) | Case No. 08 C 587 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Judge Sharon J. Coleman |
| | ) | |
| COOK COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, Cook County, by and through its attorney Anita Alvarez, State's Attorney of Cook County, through her assistants, Assistant State's Attorneys Aaron R. Bond and Shandra Leary, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, move this Honorable Court for summary judgment and in support thereof state as follows:

**INTRODUCTION**

Plaintiff brings this action seeking redress for sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, for violations of her rights of equal protection and due process under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and for violations of Illinois law for intentional infliction of emotional distress, assault and battery, respondeat superior and willful and wanton conduct. (SOF, *Def. Exh. A – Plaintiff's Second Amended Complaint*, ¶ 1) In her complaint, Plaintiff sues Defendant based upon the actions of Felice Vanaria, a former employee of Oak Forest Hospital which is an agency of Cook County through the Cook County Bureau of Health Services, (*Id.*, ¶¶ 6-53) contending that Defendant Cook County was responsible for the actions that Vanaria perpetrated upon Plaintiff. (*Id.*, ¶¶ 54-71)

**STANDARD OF REVIEW**

Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. In ruling on a motion for summary judgment, the evidence of the non-movant must be believed and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The primary purpose of a motion for summary judgment is to avoid a useless trial. *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972). The district court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 744 (7th Cir. 2007). A party who will bear the burden of proof on a particular issue at trial may not rest on the pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249.

**ARGUMENT**

I. **Plaintiff's Title VII claims are not supported by the record**

Initially, Plaintiff's claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e must be dismissed where there existed no employer/employee relationship between Plaintiff and Cook County and where Cook County did not deprive Plaintiff of any tangible employment benefit. An employee can only bring a Title VII claim against the employee's employer. *Krause v. Turnberry Country Club*, 571 F. Supp.2d 851, 856 (N.D. Ill.

2008) (Kendall, J.); *citing* 42 U.S.C § 2000e 2(a). Under Title VII, an employee is defined as an individual employed by an employer. *Krause*, 571 F. Supp.2d at 856; *citing* 42 U.S.C. § 2000e(f). In addition, as a prerequisite to considering whether an individual is an employee, some courts also require the individual to have been hired in the first instance by and to have received a financial benefit from the purported employer. *Krause*, 571 F. Supp.2d at 856, *citing Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 372 (2nd Cir. 2006). Here, there was no employer/employee relationship to sustain a Title VII claim against Cook County where Plaintiff was not an employee of Cook County during the time frame alleged in Plaintiff's lawsuit. (SOF ¶ 53)

In the instant case, the record is clear that during the time frame alleged in Plaintiff's lawsuit, Felice Vanaria was employed at Oak Forest Hospital as an Administrative Assistant III and that he worked as a Continuing Medical Education ("CME") Coordinator. (*Id.* ¶¶ 29, 33, 35) In that capacity, Vanaria main responsibility was to coordinate programs for the medical staff at the Hospital. (*Id.* ¶ 36) Vanaria, however, had no power to interview, hire or offer employment to anyone at Oak Forest Hospital. (*Id.* ¶ 37) As such, Plaintiff was never denied any tangible benefit where Vanaria never had the power to interview, hire or offer employment to Plaintiff for any position at Oak Forest Hospital. (*Id.*) *See Jackson v. County of Racine*, 474 F.3d 493, 501 (7th Cir 2007) (defendant did not deprive plaintiff of a tangible benefit by denying plaintiff a promotion which defendant never had the power to give her, and where there was no evidence that plaintiff was denied a promotion for a job that was actually available or for which she was qualified).

In addition, the two positions Plaintiff believed she was interviewing for with Vanaria were physical therapy and massage therapy. (SOF ¶¶ 62, 64) However, not only did Vanaria not have the power to hire Plaintiff, but Oak Forest Hospital has never offered the service of massage therapy and never had a position of message therapist. (*Id.* ¶ 65) Furthermore, not only

can Plaintiff point to nothing in the record to show that the position of physical therapist was available during the time period of her lawsuit, but by her own admission Plaintiff was not qualified to work as a physical therapist. (*Id*. ¶ 63) Subsequently, Plaintiff's claims under Title VII must be dismissed.

Assuming arguendo that this court finds that there was an employer/employee relationship, Plaintiff's claims nonetheless fail. A plaintiff bringing an intentional gender discrimination claim can proceed under the direct or the indirect method of proof. *Brewer v. Bd. of Trs. of Univ. of Ill.,* 479 F.3d 908, 915 (7th Cir. 2007). Under the direct method of proof, a plaintiff must present sufficient direct or sufficient circumstantial evidence to establish a "convincing mosaic" that could permit a reasonable jury to conclude that the employer acted with discriminatory intent. *Id.* On the other hand, the indirect method of proving discrimination requires a plaintiff to establish a *prima facie* case showing that: 1) she is a member of a protected class; 2) she was performing to her employer's legitimate expectations; 3) yet she suffered an adverse employment action; and 4) similarly situated employees who were not part of that class were treated more favorably. *Andonissamy v. Hewlett-Packard Co.,* 547 F.3d 841, 849-50 (7th Cir. 2008). If the plaintiff can establish a *prima facie* case, the employer must articulate a legitimate, nondiscriminatory reason for the employment action; if the employer does so, the plaintiff must prove that the reason is a pretext for discrimination. *Matthews v. Wisc. Energy Corp. Inc.,* 534 F.3d 547, 558 (7th Cir. 2008).

In the instant case, the record does not contain any party admissions or sufficient circumstantial evidence to establish a "convincing mosaic" that could permit a reasonable jury to conclude that the employer acted with discriminatory intent. As such, Plaintiff may not proceed under the direct method of proof and must instead proceed under the indirect method of proof.

Here, Plaintiff cannot establish that she suffered an adverse employment action or that similarly situated employees who were not part of the protected class were treated more favorably. A materially adverse action may be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. *Oest v. Ill. Dep't of Corr.*, 240 F.3d 605, 612-613 (7th Cir. 2001). In this case, the adverse employment action that Plaintiff allegedly suffered from was a failure to be hired by Oak Forest Hospital. Here, the two positions that Plaintiff "interviewed" for with Vanaria were physical therapist (SOF ¶ 62) and massage therapist. (*Id*. ¶ 64) However, Oak Forest Hospital did not offer massage therapy nor did it have a position of massage therapist, (SOF ¶ 65) and the record fails to show that the position of physical therapist was open and available during the time period alleged by Plaintiff. As such, Plaintiff cannot argue that she suffered an adverse employment action in not being hired for a job that either: 1) did not exist (massage therapist); or 2) for which there was no position available to be hired into (physical therapist). Accordingly, Plaintiff's claims must be dismissed.

Assuming *arguendo* that Plaintiff did suffer an adverse employment action, her discrimination claims still fail because she has provided no evidence that similarly situated employees who were not part of that class were treated more favorably. To be sure, Plaintiff cannot point to a similarly situated person who was not a member of her protected class and who was treated more favorable than she was. Here, the record fails to show that anyone else was either: 1) hired into the non-existent position of massage therapist instead of Plaintiff, or 2) hired into the position of physical therapist at Oak Forest Hospital instead of Plaintiff.

Even if Plaintiff could set forth a *prima facie* case, her claims fail where any decision to not hire her was based on the legitimate, nondiscriminatory reasons that Oak Forest Hospital did not offer massage therapy or have a position of message therapist (SOF ¶ 65) and where even if a position as a physical therapist was available during the time frame alleged in Plaintiff's lawsuit, Plaintiff, by her own admission, was not qualified to work as a physical therapist. (*Id*. ¶ 63)

Finally, Plaintiff cannot establish that Defendant's reasons for the alleged adverse employment actions were pretext. In an employment discrimination case, pretext is a dishonest explanation, lie, or phony excuse. *Faas v. Sears, Roebuck & Co*., 532 F.3d 633, 642 (7th Cir. 2008). Here, the record is devoid of any evidence that the above reasons proffered by Defendant are dishonest or a phony excuse. Therefore, summary judgment is proper on Plaintiff's Title VII claims of gender discrimination.

## II. Plaintiff's § 1983 claims are not supported by the record

Plaintiff's allegations initially must fail where the actions of Felice Vanaria toward Plaintiff did not occur under color of state law. To state a claim under § 1983 a plaintiff must allege two elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). As such, Plaintiff's § 1983 claims require a showing that Cook County's employee, Felice Vanaria, was acting under color of state law in his conduct toward Plaintiff.

The Seventh Circuit has recognized two circumstances in which a defendant may be found to act under color of state law: 1) when the state has cloaked the defendant in some degree of authority – normally through employment or some other agency relationship (as Plaintiff in the instant cases alleges); and 2) when the defendants have conspired or acted in concert with

state officials. *Case*, 327 F.3d at 567. Employment by a municipality, though relevant, does not determine whether an act was committed under color of law. *Mainor v. Chicago Transit Authority*, No. 03 C 9102, 2005 U.S. Dist. LEXIS 27859 *15, (N.D. Ill. 2005) (Zagel, J.). Actions taken under color of state law must bear some similarity to the nature of the powers and duties assigned to the defendant in order to hold him liable. *Id*. See also *Murphy v. Chicago Transit Authority*, 638 F. Supp. 464, 467-68 (N.D. Ill 1986) (holding that the harassing behavior of a CTA staff attorney toward the plaintiff had nothing to do with and bore no similarity to the nature of the staff attorney job; because the harasser's position was limited to representing CTA in legal matters, it did not and could not give the illusion that sexual harassment, albeit during work hours, somehow related to the nature of that job).

In the instant case, the allegations against Vanaria which give rise to Plaintiff's action against the County were not related to the duties and powers incidental to Vanaria's position at Oak Forest Hospital. Vanaira's main duty as a CME Coordinator was to coordinate programs for the medical staff. (SOF ¶ 36) He was not empowered to hire prospective employees, offer positions of employment, interview prospective employee for a position at Oak Forest Hospital (*Id*. ¶ 37) or maintain employee application or employee interview packets. (*Id*. ¶ 39) Furthermore, Vanaria did not have the authority to make promises to hire individuals based upon the performance of sexual acts and the sexual harassment policy of Oak Forest Hospital strictly forbids such action. (*Id*. ¶ 38). As a result, because the alleged conduct bore no relation to any state powers assigned to Vanaria by the County, it could not have occurred under color of law as is required to sustain a § 1983 action.

Assuming arguendo that this court should find that Vanaria's actions toward Plaintiff occurred under color of state law, the record nonetheless fails to demonstrate a showing that the

actions of Cook County deprived Plaintiff of rights, privileges, or immunities secured by the Constitution. Plaintiff § 1983 claims arise under two theories: 1) violation of equal protection (SOF, *Def. Exh. A*, Count II) and 2) violation of due process. (*Id.*, Count III)

An analysis of an equal protection claim under §1983 is identical to that of a claim under Title VII, discussed *supra*. *Kriescher v. Fox Hills Golf Resort and Conference Center*, 384 F.3d 912, 915 (7th Cir. 2004). A plaintiff seeking to sustain an equal protection claim of sexual harassment must show both sexual harassment and an intent to harass based upon that plaintiff's membership in a particular class of citizens. *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1993). Just as Plaintiff failed to demonstrate facts sufficient to show that she was subject to gender discrimination for Title VII purposes, her equal protection claim under §1983 must also fail. Moreover, a plaintiff must also establish that a defendant was personally responsible for the deprivation of a constitutional right. *Johnson v. Snyder*, 444 F3d. 579, 583-584 (7th Cir. 2006). Here, Plaintiff cannot show personal responsibility on the part of Cook County. Instead, Plaintiff bases her allegations of wrongdoing against Cook County upon a *Monell* claim.

To show a violation of due process, Plaintiff must demonstrate: (1) that the claimed interest is a protected property or liberty interest under the fourteenth amendment; (2) that the alleged loss amounted to a deprivation; and (3) that the deprivation was without due process of law. *Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir. 1989). Similarly, in the absence of personal responsibility, Plaintiff must also base her due process claim against Cook County upon *Monell*.

Under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978), local governments are responsible only for their own illegal acts and may not be held vicariously liable under § *1983* for their employees' actions. *Houskins v. Sheehan*, 549 F.3d 480, 493 (7th Cir. 2008). Consequently, to impose liability upon a municipality a plaintiff must demonstrate one of

the following: 1) an express policy caused the injury when it was enforced; 2) a widespread practice constituting a custom or policy caused the injury; or 3) a person with final policymaking authority caused the injury. *Id*.

Here, the record does not demonstrate that Plaintiff was harmed by a specific policy or that a person with final policymaking authority caused her injury. As a result Plaintiff must show a widespread practice, custom or policy caused injury and that the municipality, through its deliberate conduct, was the moving force behind the injury alleged. *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997). Claims not involving an allegation that a municipal action itself violated federal law, or directed or authorized the deprivation of federal rights present much more difficult problems of proof. *Id*. at 406. Where a plaintiff claims that a municipality has not directly inflicted an injury, but nonetheless caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee. *Id*. at 405. That a Plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; rather, the plaintiff will simply have shown that the employee acted culpably. *Id*. at 406-407. Instead, a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action (i.e. the hiring of an employee) has led to the employee violating a plaintiff's rights must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences. *Id*. at 407.

To prevail on her claim Plaintiff must show that Cook County was aware of a substantial risk and failed to take appropriate steps to protect Plaintiff from the known danger. *Frake v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000). In order to impute knowledge to policymakers of a widespread practice, the plaintiff must show a pattern of constitutional violations; a single act

9

of misconduct will not suffice. *Jackson v. Marion County,* 66 F.3d 151, 152 (7th Cir. 1995); s*ee Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) (four incidents affecting plaintiff not sufficient to show a "widespread unconstitutional practice"); *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005) (three incidents of improper pepper-spraying insufficient to show widespread practice).

**A)** **Failure to act in response to repeated complaints and continually rehiring Vanaria:**

The crux of Plaintiff's arguments in this regard is based upon the erroneous assumption that Vanaria's employment history at the Circuit Court of Cook County Adult Probation Department ("Adult Probation") can be tied to Defendant Cook County. However, case law not only makes clear that Adult Probation is considered a state, not a county, agency but also that probation officers are statutorily defined as judicial employees who are officers of the court which appoints them rather than county officers. Moreover, the record is also clear that Adult Probation files, including employee personnel files, are not kept by the Cook County Bureau of Human Resources ("Cook County HR"). (SOF ¶ 7) Subsequently, Cook County HR had no records of Felice Vanaria's improper behavior at or termination from Adult Probation.

By statute, each county is required to maintain a probation department, subject to the oversight of the Illinois Supreme Court, the Supreme Court's Probation Services Division and the Chief Judge of the judicial circuit in which the probation department sits. 705 ILCS 405/6-1(2). Moreover, state control over local probation departments is reinforced through the state's oversight of department budgets. *Villalobos v. Kinn*, 2001 U.S. Dist. LEXIS 12747 *6 (N.D. Ill. 2001). In Illinois, the Chief Judge of each circuit has the power to appoint the Chief Probation Officer and all other probation officers for his or her circuit. *730 ILCS 110/15(2)(b)*. Probation Officers are statutorily defined as judicial employees designated on a circuit wide or county

10

basis. *730 ILCS 110/9b(3)*. Moreover, a long line of precedent from various Illinois authorities makes clear that probation officers are not county officers but are instead officers of the court which appoint them. *Villalobos*, 2001 U.S. Dist. LEXIS at *12; s*ee Drury v. County of McClean*, 89 Ill.2d 417, 433 N.E.2d 666, 669 (1982) (the fact that counties pay the salaries and expenses of circuit court clerks does not make the office of the circuit court clerk a county office).

      Here, Vanaria was not continually rehired by Cook County after repeated complaints involving Vanaria's County employment. Rather, as case law makes clear, Vanaria's employment with Adult Probation is not considered County employment. Moreover, Adult Probation files, including employee personnel files, are not kept by Cook County HR (SOF ¶ 7) Therefore, the only employment history of Vanaria and Cook County involves Vanaria's employment as an Administrative Assistant III for former County Commissioner Joseph Mario Moreno (*Id*., ¶ 19) and as an Administrative Assistant III/CME Coordinator at Oak Forest Hospital. (*Id*., ¶¶ 29, 35) As a result, the only alleged history that Vanaria has of "using his employment with Cook County to require sexual favors" are allegations from 2005, which were made by a pharmaceutical representative of Eli Lilly. (*Id*., ¶¶ 28, 44, 50-52) In that instance, a full internal investigation was performed at Oak Forest Hospital regarding these allegations (*Id*., ¶¶ 45-46) and the complaint was not sustained due to a lack of evidence. (*Id*., ¶ 47) However, Vanaria was verbally counseled as to the severity of the charges and re-educated on all applicable sexual harassment policies and rules and regulations for employee conduct. (*Id*., ¶ 48) Furthermore, steps were taken to ensure that any future contacts that the Eli Lilly complainant had with Oak Forest Hospital was handled through other departmental personnel besides Vanaria. (*Id*., ¶ 49) Accordingly, the record does not support Plaintiff's contentions of deliberate indifference where: 1) Vanaria was not continually rehired (Vanaria only hired into two employment positions with

Cook County); 2) during Vanaria's employment under the Cook County umbrella there was only one alleged act of impropriety (not "repeated" acts); and 3) the one alleged act of impropriety was fully investigated and handled in an appropriate fashion by Oak Forest Hospital staff.

**B)** **Failure to screen employment references and backgrounds:**

Where a plaintiff presents a § 1983 claim based upon the inadequacy of an official's review of a prospective applicant's record, there is a particular danger that a municipality will be held liable for an injury not directly caused by a deliberate action attributable to the municipality itself. *Bryan County*, 520 U.S. at 410. Every injury suffered at the hands of a municipal employee can be traced to a hiring decision in a but-for sense: but for the municipality's decision to hire the employee, the plaintiff would not have suffered the injury. *Id*. To prevent municipal liability for a hiring decision from collapsing into *respondeat superior* liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged. *Id*. The fact that inadequate scrutiny of an applicant's background would make a violation of rights more likely cannot alone give rise to an inference that a policymaker's failure to scrutinize the record of a particular applicant produced a specific constitutional violation. *Id*. at 410-411. Rather, to establish failure to screen, a plaintiff must show that if the defendants had adequately screened a potential employee, they "should have concluded" that the subsequent improprieties would have been "a plainly obvious consequence of the hiring decision." *Id*., 520 U.S. at 411. However, the negligent failure to check every reference or past employment record does not evidence indifference. *Andrews v. Fowler*, 98 F.3d 1069, 1077 (8th Cir. 1997).

Furthermore, the usual way in which an unconstitutional policy or custom is inferred, in the absence of evidence that the municipality directly engaged in improper conduct, is by showing a series of bad acts and inviting the court to infer from them that the policymaking level

of government was bound to have noticed what was going on, and by failing to do anything must have encouraged or condoned, and thus adopted, the misconduct of subordinate officers. *Jackson*, 66 F.3d at 152. When this method of proof is used, proof of a single act of misconduct will not suffice, for it is the series that lays the premise of the system of inference. *Id*.; s*ee Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985) (a single isolated incident of use of excessive force by a police officer held not to establish an official policy or practice of a municipality sufficient to render the municipality liable for damages under § 1983).

Here, aside from the allegedly inappropriate screening of Vanaria, the record is devoid of a single instance of an inappropriate background or reference screening by Defendant which would support Plaintiff's claims of an intentional County policy, practice or custom of **failing to verify the employment references and background of new hires. Subsequently,** the record in the instant action does not reasonably support a finding that Cook County was deliberately indifferent to the likelihood that Felice Vanaria would violate Plaintiff's constitutional rights and instead shows, at most, one instance of possible negligent hiring.

Here, the record demonstrates that, at the time of Vanaria's hiring for his position at Oak Forest Hospital, fingerprint cards were taken of all new Cook County employees and that the fingerprint cards were checked at random to determine criminal background. (SOF ¶ 30-31) Moreover, previous employment with Cook County, such as Vanaria's employment as an Administrative Assistant III with Commissioner Moreno, was verified by Cook County HR during their processing of the new hire. (*Id*., ¶¶ 72, 74) Furthermore, said processing by Cook County HR would show whether the new hire had been previously terminated from their prior Cook County employment. (*Id*. ¶¶ 73, 74) In addition, although Oak Forest Hospital would generally verify the employment history and references of new employees of the hospital, (*Id*., ¶

13

71) because Vanaria was a Shakman exempt employee, any further checking of Vanaria's employment history or references was the responsibility of the Department that actually hired Vanaria. (*Id*., ¶72) In this case, as a Shakman exempt employee, Vanaria was hired by the Cook County Board President, who in 2005 was John Stroger. (*Id*., ¶¶ 75-76)

According to the record, Vanaria was terminated from the Cook County Adult Probation Department in 1998 due to improprieties with three female adult probationers. (*Id*., ¶¶ 8-18) Four years later, in July of 2002, Vanaria began employment in a Shakman exempt position with Cook County Commissioner Joseph Mario Moreno as an Administrative Assistant III and Vanaria worked in this position until April 2004. (*Id*., ¶¶ 19, 22, 27) However, during his nearly two year period of employment with Commissioner Moreno, from July 2002 – April 2004, there was no record of complaints made or discipline taken against Vanaria. (*Id*., ¶ 28) Furthermore, the record is devoid of any documented instances of misconduct by Vanaria subsequent to his termination from Adult Probation in 1998 up until his hiring to work for Commissioner Moreno in 2002.

Here, whether Cook County failed to examine Vanaria's employment record, partially examined it, or fully examined it, the record does not support a finding that Cook County's decision to hire Vanaria reflected a conscious disregard of an obvious risk that Vanaria's actions toward Plaintiff would follow and similar cases do not support such a finding. *See Andrews*, 98 F.3d 1069 (holding that the city's failure to discover a dishonest statement on a police officer's employment application did not demonstrate deliberate indifference sufficient to subject it to liability for the officer's subsequent act of violence); *Stokes v. Bullins*, 844 F.2d 269 (5th Cir. 1988) (finding no § 1983 municipal liability for hiring defendant police officer without performing a National Crime Information Center check on said officer which would have revealed approximately fifteen arrests for offenses ranging from simple assault to armed

14

robbery); *Bryan County* 520 U.S. 397 (finding no § 1983 municipal liability for county sheriff's alleged inadequate scrutiny of a deputy sheriff's background, which included prior convictions for assault and battery, resisting arrest, and driving while intoxicated). *Atwood v. Ellington*, 427 F. Supp. 2d 136, 148 (D. Conn. 2006) (no basis for municipal liability based on a police chief's failure to screen a constable prior to reappointment). *Maslow v. Evans*, No. 01-CV-3636, 2003 U.S. Dist. LEXIS 20316, *11-12, 41-43 (E.D. Penn. 2003) (learned during the hiring process that trooper Evans had a questionable past employment history, including an allegation by a former supervisor that, as a city police officer, Evans had sexually harassed a female on campus at the Police Training Institute of the University of Illinois in 1989 as well as a charge from an Allentown, PA police officer that Evans was "f--ed up sexually." While clearly deficient, the investigating and hiring policies and procedures in place were not so wanting as to support a finding of deliberate indifference regarding the constitutional rights of the plaintiffs).

Vanaria's track record at the Adult Probation Department, which ended nearly seven years before Vanaria obtained his position at Oak Forest Hospital, may well have made him an extremely poor candidate for his position at the hospital. However, one alleged instance of inadequate scrutiny of a potential employee's record cannot constitute a custom of deliberate indifference to Plaintiff's federally protected rights under persuasive case law and at most shows possible negligent hiring. As such, Plaintiff's deliberate indifference claims fail.

C)      **Failure to train to prevent sexual harassment or supervise Vanaria:**

A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *Young v. Vill. of Romeoville*, 2011 U.S. Dist. LEXIS 45195, *10 (N.D. Ill. 2011) (Feinerman, J.); *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to

deliberate indifference to the rights of persons with whom the untrained employees come into contact. *Young*, 2011 U.S. Dist. LEXIS 45195, *10; *Connick* 131 S. Ct. at 1360. Deliberate indifference in this context can arise in two forms: first, a municipality acts with deliberate indifference where the need for training is so obvious and the inadequacy so likely to result in a violations of constitutional rights; and second, a municipality acts with deliberate indifference where a repeated pattern of constitutional violations makes the need for further training plainly obvious to the municipal policymakers. *Sandra T.-E. And Rufus E. v. Sperlik*, No. 05 C 473, 2009 U.S. Dist. LEXIS 66584, *8 (N.D. Ill. 2009) (Hibbler, J.); *citing Jenkins v. Bartlett*, 487 F3d. 482, 492 (7th Cir. 2007). Under either theory, a plaintiff must prove that the identified deficiency in training actually caused the ultimate injury. *City of Canton v. Harris*, 489 U.S. 378, 391 (1989).

      In the instant case, Plaintiff fails to connect Cook County's allegedly deficient training to the violations of Plaintiff's rights. The record is devoid of any evidence of a deficient sexual harassment policy that was so obviously deficient as to alert County policymakers that its employees would likely violate the constitutional rights of others. In the case at bar, Oak Forest Hospital had a policy on sexual harassment, which was based on Cook County policy as well as upon guidelines from the Cook County Human Rights Commission (SOF ¶ 66) Said policy explicitly prohibited the requesting of sexual favors in exchange for benefits or services. (*Id*., ¶ 67) Moreover, each new employee of Oak Forest Hospital is trained on sexual harassment and employees receive refresher courses from the Cook County Department of Ethics. (*Id*., ¶ 68) Here, there is nothing in the record to support a contention that the County knew that the sexual harassment policy at Oak Forest would prove to be insufficient or that the policy had already failed. *See Sandra T.-E. And Rufus E*, 2009 U.S. Dist. LEXIS 66584, at * 8-9 (no showing of

failure to train where the only evidence to support Plaintiff's claims was that of an expert who stated that the policy at issue was deficient); *Palmquist v. Selvik*, 111 F.3d 1332, 1345 (7th Cir. 1997) (evidence that municipality could have provided better or more training not sufficient to support failure-to-train); *Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006) (evidence of deficiencies in police manual insufficient to support failure-to-train and supervise).

Nor can Plaintiff demonstrate that there was a pattern of constitutional violations putting the County on notice. A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train. *Young*, 2011 U.S. Dist. LEXIS 45195, *10-11. However, the record reveals only one incident, during Vanaria's County employment, of alleged failure to adhere to the sexual harassment policy. (SOF ¶¶ 28, 50-52) Said incident involved an allegation made by a female sales representative of Eli Lilly in August of 2005 that Vanaria had demanded a massage from her in exchange for arranging a medical education program at Oak Forest Hospital (while Vanaria was employed at the hospital). (*Id*., ¶ 44) Furthermore, these allegations were promptly reported by Vanaria's supervisor (*Id*. ¶ 45) and thoroughly investigated by Oak Forest's Human Resources Director. (*Id*., ¶ 46) and although the allegations were not sustained (*Id*., ¶ 47) Vanaria was verbally counseled and re-educated on sexual harassment policies and actions were taken to ensure that Vanaria had no further contact with the pharmaceutical sales representative. (*Id*., ¶¶ 48-49) Here, the record shows that when put on notice of a possible violation of sexual harassment policy, that Oak Forest Hospital took immediate steps to report and investigate the allegations and also took appropriate corrective steps in response to the investigation's findings.

Here, Plaintiff presents nothing in the record, aside from the Eli Lilly complaint, to show that Cook County was on notice of a widespread custom of a failure to train on sexual

harassment. This incident from 2005 does not establish the kind of "recurrent situations" required to give County officials proper notice of a constitutional problem and as such Plaintiff's deliberate indifference claims for failure to train cannot survive. *See Deborah O., a minor by and through Thomas O. v. Lake Central School Corporation*, No. 94-3804, 1995 U.S. App. LEXIS 19194 (7th Cir. 1995) (two separate incidents of sexually inappropriate behavior did not establish the kind of "recurrent situations" required to give notice of a constitutional problem); *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (summary judgment appropriate where plaintiff offered no evidence, or even produced evidence of even one prior incident, that use of excessive force was common in the municipality); *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002) (three incidents were too few to indicate that the City had a widespread custom of which City policymakers had reason to be aware); *Young*, 2011 U.S. Dist. LEXIS 45195 at *8-9 (Plaintiff only adduced evidence of her own arrest and therefore did not establish deliberate indifference by showing a "pattern" of excessive force by Romeoville police officers).

### III. Plaintiff's pendent state law claims are not supported by the record

Plaintiff's pendent state law claims must be dismissed where the actions of Felice Vanaria were solely for his own benefit and occurred outside the scope of Vanaria's employment with Cook County. Under traditional principles of *respondeat superior*, an employer may be liable for the torts of its employees if the tort is committed within the scope of employment. *Krause*, 571 F. Supp.2d at 864. Conduct is considered within the scope of employment if the conduct: 1) is of the kind the employee is employed to perform; 2) occurs substantially within authorized time and space limits; and 3) is performed, at least in part, by a purpose to serve the master. *Krause*, 571 F. Supp.2d at 864. When the motive for the employee's tort is personal and solely for the benefit of the employee, the employer is not subject to liability. *Id.*, *citing Wright v. City of Danville*, 174 Ill.2d 391, 405, 675 N.E.2d 110, 118 (1996).

18

Courts have applied this rule to IIED claims, holding that where an employee's conduct benefited only the employee that the employee's conduct was beyond the scope of employment. *See McPherson v. City of Waukegan*, 379 F.3d 430, 443-44 (7th Cir. 2004) (affirming summary judgment for the city against the plaintiff's claims of IIED and sexual harassment since the actions were beyond the scope of the harasser's employment); *Amato v. Greenquist*, 287 Ill. App. 3d 921, 934, 679 N.E.2d 446, 455 (Ill. App. Ct. 1st Dist. 1997) (affirming dismissal of IIED claim based on respondeat superior where the defendant pastor's conduct was done for his own benefit, not the benefit of the employer church); *Giraldi v. Lamson*, 205 Ill. App. 3d 1025, 1030, 563 N.E.2d 956, 960 (Ill. App. Ct. 1st Dist. 1990) (upholding dismissal of IIED claim against defendant school district and bus company based on sexual assault of a child by bus driver).

Furthermore, it is well-settled law in Illinois and this Circuit that a government employer is not liable for a sexual misconduct committed by its employee and that as a matter of law acts of sexual assault and misconduct are outside the scope of employment. *See Krause,* 571 F. Supp.2d at 864 (although the employer defendant's motion to dismiss was denied, to the extent that Plaintiff relied on allegations of sexual misconduct to support her assault and battery, IIED, and false imprisonment claims against her employer these claims did not state a plausible entitlement to relief); *Dorsey v. Givens*, 209 F. Supp. 2d 850, 853 (N.D. Ill. 2001) (sexual misconduct by a jail guard outside the scope of employment); *Gambling v. Cornish,* 426 F. Supp. 1153, 1155 (N.D. Ill. 1977) (sexual assault by police officers outside the scope of employment); *Deloney v. Board of Educ.*, 281 Ill. App. 3d 775, 786, 666 N.E.2d 792, 799 (Ill. App. Ct. 1st Dist. 1996) (sexual relations between school truant officer and minor student were "as a matter of law" outside the scope of employment); *Johnson v. Pate*, 97 C 3746, 1997 U.S. Dist. LEXIS 16028, *1-2 (N.D. Ill. 1997) (sexual assault by CHA officer not related to employment).

The instant action arises out of Vanaria's employment with Cook County through Oak Forest Hospital. As an employee of Oak Forest Hospital, Vanaria held the position of Administrative Assistant III and worked as a Continuing Medical Educational ("CME") Coordinator. (SOF ¶¶ 29, 35). In this position his responsibilities included scheduling and planning educational events for medical staff. (*Id*. ¶ 36). Moreover, Vanaria had no power to interview, hire or offer anyone a position of employment at Oak Forest Hospital. (*Id*. ¶ 37) While some of the events complained of by Plaintiff may have occurred during the authorized time and space limits of Vanaria's job at Oak Forest Hospital, none of the acts that Plaintiff alleges Vanaria committed were of the kind that he was employed to perform nor were they performed with the purpose of serving the master (Cook County). As previously mentioned, Illinois courts have consistently held that acts of sexual assault and misconduct are outside the scope of employment as a matter of law. *Krause*, 571 F. Supp.2d at 865. In the instant action, Vanaria's conduct toward Plaintiff clearly occurred outside the scope of his employment and as such Cook County cannot be held liable for Plaintiff's pendent state law claims.

## CONCLUSION

WHEREFORE, Defendant Cook County, for all the foregoing reasons, respectfully requests that this Honorable Court grant Defendant's Motion for Summary Judgment.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:    */s/Aaron R. Bond / Shandra Leary*
        Aaron R. Bond & Shandra Leary
        Assistant State's Attorneys
        Richard J. Daley Center
        50 West Washington, Suite 500
        Chicago, Illinois 60602
        (312) 603-5440