UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL ALMAGUER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08-cv-587 |
| COOK COUNTY, | ) | |
|     Defendant. | ) | Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

On January 25, 2008, plaintiff Krystal Almaguer ("Almaguer") filed a complaint against defendant Cook County alleging sexual and gender discrimination, violations of her equal protection and due process rights pursuant to 42 U.S.C. § 1983 and numerous state law claims. On December 16, 2011, Cook County filed a motion for summary judgment. On September 27, 2012, this Court issued an order granting Cook County's motion as to all claims except Almaguer's Section 1983 due process and equal protection claims. Presently before the Court is Cook County's motion to reconsider its September 27, 2012 judgment, which may be found at *Almaguer v. Cook County*, No. 08 C 587, 2012 U.S. Dist. LEXIS 140661 (N.D. Ill. Sept. 27, 2012). Cook County's motion to reconsider is granted and Almaguer's Section 1983 due process and equal protection claims are dismissed.

**Legal Standard**

Federal Rule of Civil Procedure 59(e) permits a court to grant a motion to reconsider a prior ruling when that ruling was made on a manifest error of law or fact. Fed. R. Civ. P. 59(e). A motion to reconsider serves the limited function to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the court. *Sperling & Slater, P.C. v. Hartford Cas. Ins. Co.*, No. 12 C 761, 2012 U.S. Dist. LEXIS 181944, at *6 (N.D. Ill. Dec. 27, 2012). The decision to grant a Rule 59(e) motion lies in the sound discretion of this Court, and its ruling is reviewed deferentially and will only be disturbed upon a showing that the Court abused that discretion. *Id.* at *7.

1

**Discussion**

As an initial matter, Cook County argues that this Court should not have inferred that it employed Vanaria at the Adult Probation Department and, accordingly, that Almaguer's Section 1983 equal protection and due process claims should have been dismissed. This Court finds somewhat incredulous the claims of ignorance by Cook County of hiring decisions by the Cook County Adult Probation Department in regards to an employee who served in various positions in the county system. Nonetheless, probation officers assigned to court services technically are state, not county, employees. *Jefferson v. Winnebago County*, No. 94 C 50151, 1995 U.S. Dist. LEXIS 2425, at *23-24 (N.D. Ill. Mar. 2, 1995). As such, their conduct cannot be attributable to the county under Section 1983. *Id.* Accordingly, the incidents of sexual harassment by Vanaria which led to his eventual termination from the Adult Probation Department can not serve as a basis upon which Vanaria holds Cook County accountable for Vanaria's actions.

  1. *Section 1983 Equal Protection Claim*

Almaguer alleges violations of her equal protection right to be free from sexual harassment and gender discrimination. Under § 1983, "actions of a state entity's employees are attributed to the state entity itself if those actions are in furtherance of the entity's 'policy or custom.'" *See Bohen v. East Chicago*, 799 F.2d 1180, 1188 (7th Cir. 1986) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 870 (7th Cir. 1983)). "Unconstitutional policies or customs can take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *See Valentine v. City of Chicago*, 452 F.3d 670, 684 (7th Cir. 2006) (citing *Rasche v. Vill. of Beecher*, 336 F.3d 588, 597 (7th Cir. 2003)). A municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *See Bohen v. East Chicago*, 799 F.2d 1180, 1187 (7th Cir. 1986).

Almaguer attempts to establish the second form of unconstitutional polices or customs, i.e. a widespread practice that, although not authorized by express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. Without the inference that Cook County employed Vanaria while he was a probation officer, Almaguer fails

to demonstrate such a widespread policy. While a plaintiff is not foreclosed from pursuing Section 1983 claims where she can demonstrate that repeated actions directed at her truly evince the existence of a widespread policy, "it is not enough to demonstrate that policymakers could, or even should, have been aware of the unlawful activity because it occurred more than once. The plaintiff must introduce evidence demonstrating that the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Phelan v. Cook County*, 463 F.3d 773, 788-790 (7th Cir. Ill. 2006). Almaguer fails to provide evidence of such a pervasive acquiescence on the part of Cook County. Accordingly, Almaguer's Section 1983 equal protection claim is dismissed.

    *2. Section 1983 Due Process Claim*

To establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate her rights, Almaguer must demonstrate that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences. *Bd. of the County Comm'Rs v. Brown*, 520 U.S. 397, 406-407 (1997). A showing of simple or even heightened negligence will not suffice. *Id*. "Deliberate indifference is a strict standard; the constitutional violation must have been the plainly obvious consequence of the hiring decision and courts must carefully test the link between the . . . decision and the particular injury alleged." *Doe v. Vill. of Arlington Heights*, No. 11 C 02764, 2012 U.S. Dist. LEXIS 43197, at *29 (N.D. Ill. Mar. 29, 2012)(internal quotations omitted). Almaguer argues that Cook County was deliberately indifferent in its inadequate background check of Vanaria because of prior sexual harassment incidents and complaints at the Adult Probation Department. Cook County argues that Vanaria's exchange of sexual favors for false employment was not a plainly obvious consequence of its hiring decision.

A showing of one instance of inadequate screening is not enough to establish deliberate indifference. *Brown*, 520 U.S. at 411. Accordingly, here, where Almaguer can only point to one instance of inadequate screening, Almaguer fails to establish the requisite deliberate indifference. Cook County's motion to reconsider is granted and Alamaguer's Section 1983 due process claim is dismissed.

IT IS SO ORDERED.

Date: January 31, 2013

_____
Sharon Johnson Coleman
United States District Judge